FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 FEB 13 PM 2: 57

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JEFFREY STERLING,            )
                             )
   Plaintiff,              )
                             )
v.                           )      Case No. CV606-103
                             )
WARDEN HUGH SMITH, et al.,   )
                             )
   Defendants.             )

## REPORT AND RECOMMENDATION

On December 1, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal

court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, an inmate confined in the segregation unit at the Georgia State Prison (GSP), alleges that defendants are limiting his "out-of-cell exercise" to one to two hours a week, despite a prison policy that requires one hour of out-of-cell exercise a day. Doc. 1. Plaintiff further alleges that he is being subjected to excessive noise arising from "banging on doors" and "loud televisions" and that he is being deprived of "reasonably adequate sanitary conditions" resulting from other inmates throwing feces and other bodily fluids from their cells. Id. Plaintiff alleges that these conditions are

causing him significant mental anguish, depression, and anxiety. Id. Plaintiff seeks a declaratory judgment proclaiming that the deprivation of out-of-cell physical exercise and the conditions of segregation violate his constitutional rights, as well as an injunction requiring defendants to provide him with an opportunity for out-of-cell exercise and to take steps to prevent his exposure to "'excessive' noise, the throwing of feces and bodily fluids." Id. Plaintiff also seeks an award of compensatory and punitive damages. Id.

Plaintiff's allegation that defendant Smith, the warden at GSP, has been deliberately indifferent to his "need for reasonably adequate out-of-cell exercise," doc. 1, is reminiscent of a recent complaint brought by another prisoner housed in the segregation unit at GSP, who is contending that the warden has established a policy or practice at the prison of insufficiently staffing the mental health unit, thereby denying the mental health prisoners in lock-down status any opportunity for exercise. See Ballou v. Smith, CV606-094, doc. 1. The plaintiff in that case maintained a log reflecting the dates on which he was denied his hour of yard exercise. Id. Although plaintiff's complaint is not as thorough as the complaint in

3

Ballou, the Court finds that plaintiff's allegation that he only receives one or two hours of out-of-cell exercise a week states a colorable claim under § 1983 for a violation of the Eighth Amendment's proscription against cruel and unusual punishment.[1] McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979) ("[C]onfinement to a cell for twenty-three and one-half hours per day for periods of months and absence of outdoor exercise, may make out an eighth amendment violation."); Jones v. Diamond, 594 F.2d 997, 1013 (5th Cir. 1979) (although prisoners do not have a constitutional right to outdoor exercise, jail officials must not be deliberately indifferent to the physical needs of inmates); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (denial of regular exercise to inmates confined in cell twenty-four hours per day constitutes cruel and unusual punishment). See also Ballou, CV606-094, doc. 8.

Plaintiff also alleges that defendants have shown deliberate indifference to his "need for reasonably adequate sanitary conditions and the excessive risk to [his] mental health by subjecting him to 'excessive'

---

[1] Plaintiff alleges that defendant Smith's actions violate the "state prison policy" which requires one hour of out-of-cell exercise daily. Doc. 1. The Court, however, is not concerned with violations of a prison's internal policies unless they violate the Constitution, and it evaluates plaintiff's contentions utilizing a constitutional framework.

noise and prisoners who project feces and bodily fluid out of their cells." Doc. 1. He contends that defendants have "failed to remedy these known cruel conditions" which "are causing [him] mental anguish, depression and anxiety." Id.

As an initial matter, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has not alleged that he has suffered any physical injury based on these alleged conditions of confinement, but simply that the conditions pose an excessive risk to his mental health. Doc. 1. If a prisoner fails to allege a physical injury in his complaint, he cannot recover compensatory or punitive damages for his alleged mental or emotional injuries, but declaratory and injunctive relief may be available. Harris v. Garner, 190 F.3d 1279, 1287-88 (11th Cir. 1999), *reinstated in part on rehearing*, 216 F.3d 970 (11th Cir. 2000) ("We therefore join the other circuits who have considered the issue in holding that section 1997e(e) only precludes some actions for money damages, and does not materially thwart actions for declaratory and injunctive relief.").

Accordingly, the Court will only address plaintiff's contentions insofar as he seeks injunctive or declaratory relief for his alleged injuries.

The Eighth Amendment requires the state to provide humane conditions of confinement for those individuals whom it has taken into custody. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and subjective inquiry. Id. at 534; Wilson v. Seiter, 501 U.S. 294, 298 (1991); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Where a prisoner's § 1983 claim challenges the conditions of his confinement, the objective component requires the prisoner to prove a "sufficiently serious" deprivation by demonstrating that a "prison official's act or omission has resulted in the denial of 'the minimal civilized measure of life's necessities.'" Farmer, 511 U.S. at 834 (citation omitted). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society," only "extreme deprivations" will make out a conditions-of-confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992); Helling v. McKinney, 509 U.S. 25, 36 (1993) (noting that the objective factor "requires a court to assess

whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.").

The subjective component requires a prisoner to demonstrate that the defendant prison official acted with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (citation omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." Id.; Wilson, 501 U.S. at 302-03 (extending the deliberate indifference standard announced in Estelle with respect to claims involving medical care to all prisoner claims challenging the conditions of confinement). Deliberate indifference "describes a state of mind more blameworthy than negligence," but is "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.

Plaintiff contends that he is exposed to excessive noise caused by "banging on doors" and "loud televisions." Doc. 1. Other courts have held that excessive noise in the prison setting can amount to an Eighth Amendment violation. See Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir.

1996) (inmate allegations, which defendants disputed, that "at all times of day and night inmates were 'screaming, wailing, crying, singing, and yelling,' often in groups, and that there was a 'constant loud banging'" were sufficient to proceed to trial for alleged Eighth Amendment violation); Antonelli v. Sheahan, 81 F.3d 1422, 1433 (7th Cir. 1996) (inmate alleged that excessive noise "occurr[ing] every night, often all night," interrupted or prevented his sleep); Toussaint v. McCarthy, 597 F. Supp. 1388, 1397, 1410 (N.D. Cal. 1984), *reversed in part on other grounds*, 801 F.2d 1080, 1110 (9th Cir. 1986) ("unrelenting, nerve-racking din" caused by blaring radios and televisions, gates clinging open and shut, and inmates in isolation "shout[ing] at the top of their voices in attempts to communicate with their fellows" produced level of noise so extreme that it adversely affected the inmates' hearing and mental processes). These cases, however, involved conditions much more disruptive and egregious than the conditions alleged by plaintiff to exist at GSP. Those cases involved incessant noise throughout the day and night, which at times was significantly beyond acceptable decibel levels and could have resulted in possible hearing loss. Plaintiff's allegations that the conditions in the

segregation unit at GSP violate constitutional standards do not approach this level, as plaintiff merely contends that the noise was caused by "banging on doors" and "loud televisions," nuisances common to most prisons. Doc. 1. Plaintiff has not alleged noise beyond that which one would expect to be part of a typical prison environment, noise of a type and degree amounting to no more than a mere annoyance. Such allegations, therefore, do not state a cognizable claim under § 1983.

Plaintiff also contends that the conditions at the prison are unsanitary because other inmates throw feces and other bodily fluids from their cells and that these conditions violate his constitutional rights. Doc. 1. Although the conditions described by plaintiff are not pleasant, plaintiff has not established facts indicating that the conditions in the segregation unit at GSP are "sufficiently serious" to amount to a constitutional violation. Plaintiff does not allege that any feces or bodily fluid was actually thrown into his cell, or that prison officials condone such behavior or force him to remain in filthy conditions. Nor does plaintiff allege that prison officials allow an unsanitary condition to persist by failing to clean the prison or refusing to provide him with cleaning supplies so that he may clean his own

cell. See McNatt v. Unit Manager Parker, 2000 WL 307000, *4 (D. Conn. 2000) (Eighth Amendment generally not violated where unsanitary conditions are temporary); Kee v. Hasty, 2004 WL 807071, *26, n.24 (S.D.N.Y. 2004) (inmate's allegation that officer allowed him to "suffer in feces" while restrained was insufficient to state a claim based on conditions of confinement where inmate was "let up for the bathroom" at least once during his restraint). While the Eighth Amendment requires prison officials to maintain minimal sanitary conditions, plaintiff has not alleged facts sufficient to show that the conditions at GSP violate his constitutional rights. Moreover, plaintiff has failed to demonstrate that defendants have acted with deliberate indifference to his health or safety with respect to his conditions of confinement. Without more, plaintiff's contentions regarding prison sanitation fail to state a colorable claim for relief under § 1983.

Based on the foregoing, plaintiff is entitled to proceed on his allegation that defendant Smith has formulated a policy at the prison of depriving prisoners in the segregation unit of an adequate opportunity for out-of-cell exercise. His complaint should be served upon defendant Smith at this time. Plaintiff, however, has failed to state a colorable claim for

relief under § 1983 with respect to his allegations of excessive noise or inadequate sanitation, and these claims should be DISMISSED. As plaintiff does not allege that defendants Paul or Dupree were involved in the alleged deprivation of out-of-cell exercise, those defendants should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this _12th_ day of **February, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA