FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 MAY 23 PM 4: 35
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| JEFFREY STERLING, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV606-103 |
| WARDEN HUGH SMITH, | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 on November 20, 2006, contending that defendant Smith has formulated a policy at the Georgia State Prison ("GSP") of depriving prisoners in the prison's segregation unit with an adequate opportunity for out-of-cell exercise.[1] Doc. 1. Before the Court is defendant's motion for summary judgment, which contends that plaintiff's complaint should be dismissed on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §

---

[1] The Court dismissed plaintiff's other allegations during its initial screening of the complaint pursuant to 28 U.S.C. § 1915A. Docs. 9, 11.

1997e(a). Doc. 15. Plaintiff has filed a response in opposition to defendant's motion for summary judgment. See Docs. 22, 25. For the following reasons, defendant's motion is GRANTED and plaintiff's complaint is DISMISSED without prejudice.[2]

I. BACKGROUND

Plaintiff, an inmate confined in the segregation unit at GSP, alleges that defendant Smith, the warden at GSP, has been deliberately indifferent to his "need for reasonably adequate out-of-cell exercise" by limiting his out-of-cell exercise to one to two hours a week, despite a prison policy that requires one hour of out-of-cell exercise a day. Doc. 1. Plaintiff alleges in his complaint that he completed two informal grievances alleging the same issue and that the grievances were denied as a non-grievable issue. Id. Plaintiff contends that while he did use the grievance procedure, he was not permitted to appeal the denial of his informal grievance since he was denied a formal grievance. Id.

---

[2] The parties have consented to proceeding before the magistrate judge for final disposition of this case. Doc. 21.

Defendant contends that plaintiff failed to allege in either of his formal grievances that defendant was denying him sufficient outdoor exercise and that plaintiff has therefore failed to exhaust his administrative remedies as required by the PLRA. Doc. 17. Defendant contends that both of plaintiff's grievances complained that the buildings in which he was housed were causing him significant mental anguish, anxiety, and depression, and plaintiff requested that prison officials remedy the situation however they deemed appropriate. <u>Id.</u> Plaintiff acknowledges that this was the substance of his grievances and asserts that the grievances were denied as non-grievable issues. Doc. 1.

## II. THE PLRA EXHAUSTION REQUIREMENT

A prisoner is required to exhaust all available administrative remedies prior to bringing an action challenging the conditions of his confinement. The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has made clear that the mandatory exhaustion requirement is a "'pre-condition to suit'" that must be enforced even if the available administrative remedies are either futile or inadequate. Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)).

The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement, announcing that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); see also Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life). Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Id. at 2385-86 (internal quotation omitted). Thus, if an inmate has filed an "untimely or

otherwise procedurally defective administrative grievance or appeal," an inmate has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 198 Fed. Appx. 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures'" in order to exhaust his administrative remedies properly. Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1159).

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Invoking the summary judgment procedures of Federal Rule of Civil Procedure 56, defendant contends that there is no genuine issue of material fact in this case and defendant is entitled to judgment as a matter of law. Doc. 15. Rule 56, however, does not provide the proper vehicle for

challenging an inmate's failure to exhaust his administrative remedies. Rule 56 allows the Court to determine the existence of any issues of material fact but precludes it from resolving disputed factual issues. 10A Charles A. Wright et al., Federal Practice and Procedure, § 2712, at 205-06 (3d ed. 1998) ("the court cannot try issues of fact on a Rule 56 motion but only is empowered to determine whether there are issues to be tried."). Furthermore, under Rule 56 the movant is seeking a *judgment* on the merits, whereas a motion contesting exhaustion requests dismissal on a ground unrelated to the merits of the suit. Thus, unlike the award of summary judgment, which has a preclusive effect on any later action the plaintiff may file, the granting of a motion to dismiss for lack of exhaustion is a matter of abatement which will not prevent the claim from being reasserted once the defect is remedied. See Id. at § 2713.[3]

In Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the court considered the proper pretrial motion for asserting that a prisoner has

---

[3]Additionally, although some courts have construed motions to dismiss for failure to exhaust as asserting a failure to state a claim for relief under Rule 12(b)(6), this is not an appropriate characterization since a motion to dismiss under Rule 12(b)(6) contests the *legal* sufficiency of the claim, and where the motion requires consideration of factual matters outside of the pleadings, the motion must be converted to a Rule 56 motion for summary judgment.

failed to exhaust his administrative remedies under the PLRA. The Court reasoned "that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an *unenumerated* Rule 12(b) motion rather than a motion for summary judgment." Id. at 1119 (emphasis added). Because a motion contesting a prisoner's exhaustion of administrative remedies does not reach the merits of his underlying claim, "the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. If the resolution of the motion leads the Court to conclude that the prisoner has not exhausted his administrative remedies, the Court should then dismiss the prisoner's claim without prejudice. Id.

Like the court in Wyatt, this Court finds that a motion to dismiss a prisoner's suit on the non-jurisdictional ground[4] that he has failed to exhaust his administrative remedies under § 1997e(a) raises a matter of abatement subject to "an unenumerated" Rule 12(b) motion to dismiss. Wyatt, 315 F.3d at 1119; see also 5C Federal Practice and Procedure § 1360 (noting that the federal courts "traditionally have entertained certain pre-

---

[4]The Supreme Court has recently made clear that "the PLRA exhaustion requirement is not jurisdictional." Woodford v. Ngo, 126 S. Ct. at 2392.

answer motions that are not expressly provided for by the rules or by statute."). Accordingly, the Court will proceed to address and resolve the factual issues raised by defendant's motion to dismiss for lack of exhaustion.[5]

## IV. ANALYSIS

Defendant asserts that plaintiff has failed to exhaust his administrative remedies in connection with his claim that defendant has deprived him of adequate out-of-cell exercise, as plaintiff did not mention this claim in either of the informal grievances he filed. Doc. 17.

The Georgia Department of Corrections has adopted a three-step grievance process for inmates seeking to bring complaints to the attention of prison officials and obtain a resolution to their complaints. See SOPIIB05-0001 § VI (eff. date June 1, 2004); Doc. 18, Ex. B. The first step

---

[5]Defendant acknowledges in his motion for summary judgment that where a prisoner has failed to exhaust his administrative remedies prior to filing his lawsuit, the proper result is for the district court to dismiss the complaint without prejudice. Doc. 17. This statement demonstrates counsel's confusion regarding the proper method for challenging a prisoner's failure to exhaust his administrative remedies. In his motion for summary judgment, defendant asks for *judgment* in his favor as a matter of law. See Doc. 15. Defendant concedes, however, that the proper remedy is to dismiss the complaint without prejudice, which is not an available remedy to a party moving for summary judgment.

requires an inmate to file an informal grievance within ten calendar days from the date of the alleged incident giving rise to the grievance. Id. An inmate's failure to comply with the time limitation can be excused for good cause. Id. The informal grievance forms are available in the prison control rooms and from a counselor or staff on duty for inmates in isolation or segregation. Id. If the grievance cannot be resolved informally, the inmate may file a formal grievance. Id. The warden then investigates the formal grievance and issues his response. Id. If the inmate remains dissatisfied with the warden's response, he may file an appeal. Id. If an inmate feels threatened by another inmate or staff member at the prison, he may file an emergency grievance and bypass the normal grievance process. Id.

Defendant has submitted the affidavit of Anessa Kirkley, the Grievance Coordinator at GSP, in support of his motion. Doc. 18, Ex. A. Kirkley is responsible for ensuring compliance with the grievance procedure, making certain that all grievances are investigated and given timely responses, and maintaining all records and related documentation. Id. Defendant has also attached plaintiff's two informal grievances to his motion. Doc. 18, Exs. C, D.

Plaintiff filed his first informal grievance on January 5, 2006, complaining that the environment in "L & M Building" was "causing [him] significant mental anguish and depression." Doc. 18, Ex. C. Plaintiff complained that he would not eat for days and had suicidal thoughts. Id. Plaintiff requested that prison officials move him "to a less stressful and less depressive environment." Id. A prison counselor dismissed plaintiff's grievance and referred him to the mental health unit, concluding that plaintiff was complaining about a routine housing assignment, a non-grievable issue. Id. The counselor did not issue plaintiff a formal grievance. Id.

Plaintiff filed a second grievance on January 19, 2006, again alleging that the environment in "L & M Building" was "causing [him] significant mental anguish, anxiety, and depression." Doc. 18, Ex. D. Plaintiff's requested resolution was "[w]hatever the institution deems necessary to remedy this problem." Id. Plaintiff's grievance was again denied as a non-grievable issue concerning only a routine housing assignment, and prison officials did not issue plaintiff a formal grievance. Id. Plaintiff did not indicate on either grievance that his complaint was resolved, nor does either

form indicate whether plaintiff requested a formal grievance form from the counselor, despite the area on the form for supplying such information. See Doc. 18, Exs. C, D.

Plaintiff has attached an informal grievance filed on October 25, 2006, in which he specifically complains of "lack of out-of-cell exercise." Doc. 25, Ex. F. He also has attached a formal grievance in which he complains generally of "unconstitutional conditions" and notes "[s]ee [a]ttachment." Id. at Ex. G. While plaintiff has failed to include any attachment, it appears that he complained of the lack of out-of-cell exercise in the attachment to his formal grievance and in his appeal since the grievance appeal response, dated February 8, 2007, notes that "[plaitniff] allege[s] . . . lack of out of cell exercise." Id. at Ex. G. Plaintiff filed his complaint on November 20, 2006. Doc. 1. Plaintiff, however, admits that he did not file his grievance appeal until January 12, 2007, after he filed his complaint. Doc. 25. The plain language of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The mandatory exhaustion requirement, including the

prosecution of any available appellate procedures, is, therefore, a "'precondition to suit.'" Harris, 190 F.3d at 1285-86. Even if plaintiff has now exhausted his administrative remedies, his complaint is subject to dismissal, as he has failed to exhaust *prior* to bringing suit. See Johnson v. Holmes Correctional Inst., 2006 WL 3519283, * 3 (N.D. Fla. Dec. 6, 2006) ("Plaintiff cannot cure the defect in his failure to exhaust his administrative remedies by post-filing exhaustion."); see also Harbin-Bey v. Rutter, 420 F.3d 571, 580 (6th Cir. 2005) (prisoner cannot exhaust administrative remedies during the pendency of the suit). Plaintiff's complaint is therefore DISMISSED without prejudice.

## V. CONCLUSION

Based on the foregoing, whether a prisoner has complied with the prison's grievance procedure and has properly exhausted his administrative remedies prior to filing suit in federal court is a matter in abatement subject to an unenumerated Rule 12(b) motion. Defendant's motion for summary judgment is converted into an unenumerated 12(b) motion to

dismiss.[6] While plaintiff has now exhausted his administrative remedies, he did not do so prior to filing suit. Since exhaustion is a prerequisite to filing suit, defendant's motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED without prejudice.

**SO ORDERED** this 23rd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6]The State should not file any more motions for summary judgment which contest a prisoner's failure to exhaust his administrative remedies prior to filing suit. The Court has repeatedly explained that this is not the proper vehicle for such a motion, and it may deny any improper motions brought by the State in the future.